## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| JOSE BASERVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:08-cv-997 |
| | ) | |
| ROBERT A. REMES, | ) | |
| & | ) | |
| CARLINER & REMES, P.C. | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM OPINION</u>

This matter comes before the Court on Defendants' Motion for Summary Judgment (Dkt. No. 25) and Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 30). The Court heard oral argument on this matter on May 8, 2009 and took the matter under advisement.

This is a legal malpractice action brought by Mr. Jose Baserva, a native of Venezuela who was represented by Defendant Robert A. Remes, of Carliner & Remes, P.C., in connection with immigration matters on two separate occasions, once in 1993 and again in 2005. Plaintiff alleges that Defendant Remes failed to file certain immigration motions, which ultimately led to Plaintiff being detained for five days in late September 2005 by immigration authorities and suffering damages as a result of that confinement. Plaintiff asserts claims for Legal Malpractice, Breach of Contract, Negligence, Gross Negligence, and Fraud under various Virginia statutes and common law, as well as damages claims for emotional distress, shame, humiliation, indignity, punitive damages, and attorney's fees.

I.      **Claims Relating to the 1993 Representation.**

The Court finds that all claims relating to Defendant Remes' representation of Plaintiff in deportation proceedings in 1993 are barred by the applicable statutes of limitation.  Under Virginia law, claims for legal malpractice are subject to a three-year statute of limitations, which begins to run when the alleged malpractice occurs.  *Shipman v. Kruk*, 593 S.E.2d 319, 322 (Va. 2004).  Mr. Baserva urges that the statute of limitations is tolled from 1993 to 2005 under the "continuing representation" rule.  Under this rule, the statute of limitations may be tolled during the pendency of a *continuing* legal representation.  *Id.* at 323.  "When malpractice is claimed to have occurred during the representation of a client by an attorney with respect to a particular undertaking . . . the breach of contract or duty occurs and the statute of limitations begins to run when the attorney's services in connection with that particular undertaking or transaction have terminated."  *Id.* at 324.  However, "[t]he date the alleged[ly] negligent attorney's representation of the client terminates is the relevant date which commences the running of the statute of limitations."  *Id.* at 325.  It is undisputed that on September 21, 1993, the immigration court granted Defendants' motion to withdraw as counsel.  Thus, the clock began to run on claims arising from this representation on September 21, 1993.  Plaintiff cites no authority holding that the "continuing representation" tolls the statute *after* an attorney formally withdraws as counsel, and this Court is unaware of any such case.  All claims arising from the 1993 immigration representation therefore are time barred.

II.     **Claims Relating to the 2005 Representation.**

Under Virginia law, a legal malpractice action is considered a claim for breach of contract.  *See O'Connell v. Bean*, 556 S.E.2d 741, 743 (Va. 2002).  "[A]n action for the

2

negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract." *Id.* at 743 (citing *Oleyar v. Kerr*, 225 S.E.2d 398, 400 (Va. 1976)); *Cox v. Geary*, 624 S.E.2d 16 (Va. 2006); 1 Michie's Jurisprudence, Attorney and Client § 30 (2004). Accordingly, Plaintiff's claims for negligence and gross negligence must be dismissed. *O'Connell*, 556 S.E.2d at 743. Furthermore, fraud has a two-year statute of limitation under Virginia law. *Schmidt v. Household Finance Corp., II*, 661 S.E.2d 834, 838 (Va. 2008). The relevant events occurred in late September, 2005, and Plaintiff filed this complaint on September 23, 2008, almost three years later. Plaintiff's fraud claim therefore is time barred.

This leaves Plaintiff's claims for legal malpractice and breach of contract arising from the events in 2005. To state a cause of action for legal malpractice under Virginia law, a plaintiff must show (1) the existence of an attorney-client relationship giving rise to a duty; (2) the breach of that duty by the attorney; and (3) damages proximately caused by the breach. *Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 568 S.E.2d 693 (2002). The first two elements are readily met here. In June 2005, Defendants' requested and accepted Plaintiff's $2500 retainer fee to provide new legal services; specifically, to clean up Plaintiff's record with the immigration authorities.[1]

---

[1] In an email dated June 11, 2005, Remes told Baserva "I cannot be sure what ever happened to the I-752 that we were told was going to be approved. I never received any approval notice & cannot tell you why. If the I-752 was approved as promised, then I hope it will be not too difficult to get your removal proceeding reopened to allow the immigration judge to revoke the order of removal and terminate proceedings against you. But, to do so will require a joint motion agreed to by INS (now CIS) which will require convincing a DHS attorney to do so."

Baserva replied on Monday, June 13, 2005, that he would send all required documents to Remes via Fed-ex, along with a certified check for the retainer. On June 16, 2005, Baserva paid Carliner & Remes the full retainer amount of $2500 by check.

This created an attorney-client relationship and a corresponding duty of care. A jury reasonably could find that Defendants breached this duty by waiting three months to file the appropriate forms and motions with immigration authorities. Thus, the Court finds that expert testimony is not required on the issues of duty and breach because they fall within the common knowledge of the trier of fact. *See Gregory v. Hawkins*, 468 S.E.2d 891, 893 (Va. 1996) (citing *Beverly Enterprises v. Nichols*, 441 S.E.2d 1, 3 (Va. 1994) (expert testimony not required where "the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience")).

The element of causation, however, presents a more difficult question. In his initial expert report, Plaintiff's designated expert failed to opine as whether Defendant Remes' failure to file a motion to re-open immigration proceedings in 2005 proximately caused the immigration authorities to detain Plaintiff. Plaintiff argues that expert testimony is not necessary to establish causation in this case, and that his fact witnesses can establish the causation element. Defendant counters that such testimony from fact witnesses would be speculative, and that expert testimony is required to prove that filing a motion would have prevented Plaintiff's detention. Defendant further argues that any such expert testimony is unlikely to establish causation because granting a motion to re-open immigration proceedings is discretionary and, thus, Immigration might not have granted this motion even if Defendant Remes had filed it on Plaintiff's behalf.

The Court finds that proving causation in this case requires expert testimony. "Unless a [professional] malpractice case turns upon matters within the common knowledge of laymen . . . expert testimony is required to establish . . . that such a deviation [from the standard of care] was the proximate cause of the claimed damages." *Star Broadcasting, Inc. v. Reed Smith Limited*

4

*Liability Partnership*, 2009 WL 482833, at \*8 (E.D. Va. 2009) (quoting *Seaward Int'l. Inc. et al. v. Price Waterhouse*, 391 S.E.2d 283, 287 (Va. 1990)).

At the hearing, Plaintiff argued that should the Court find expert testimony on causation necessary, he should be granted leave to file a supplemental expert report addressing causation issues. Plaintiff's counsel further consented to paying all costs associated with the additional discovery, since discovery has closed in this case. Finding that additional expert discovery on causation issues is necessary to resolve this matter, the Court shall grant this request provided that Plaintiff consents to paying all costs.

## III.   Damages.

Regarding damages, Virginia law does not allow damages for emotional distress resulting from legal malpractice. *See Jones v. Link*, 493 F. Supp. 2d 765, 771-772 (E.D. Va. 2007); *Timms v. Rosenblum*, 713 F. Supp. 948, 954 (E.D. Va. 1989), *aff'd*, 900 F.2d 256 (4th Cir. 1990). Plaintiff did not plead the torts of negligent or intentional infliction of emotional distress, and such claims would have been time barred in any event. Furthermore, attorney's fees incurred in bringing a legal malpractice action are not recoverable. *West Square, LLC v. Communications Technologies, Inc.*, 649 S.E.2d 698 (Va. 2007) ("a prevailing party generally cannot recover attorneys fees from the losing party"). Nor are legal fees paid for the allegedly negligent representation. Such fees are consideration for the contract, were paid prior to the alleged malpractice, and therefore were not damages caused by the malpractice. *Jones*, 493 F. Supp. 2d at 771. Further, plaintiff cannot recover punitive damages for legal malpractice claims. *Id.* at 771-772 (dismissing complaint for punitive damages and damages for mental anguish in connection with wrongful incarceration stemming from alleged malpractice). "[P]unitive

5

damages may not be awarded for [breach of contract] in the absence of an independent, willful tort giving rise to such damages," and Plaintiff here has not raised a triable issue as to the existence of an intentional tort. *Id.* (citing *O'Connell*, 556 S.E.2d at 743).

Thus, Plaintiff's damages claims for emotional injuries, punitive damages, attorney's fees paid to Defendant for the 2005 representation, and "attorney's fees incurred in bringing this action," are not recoverable.

## IV.    Conclusion.

Accordingly, the Court grants, in part, Defendants' Motion for Summary Judgment, and denies Plaintiff's Motion for Partial Summary Judgment. An appropriate order shall issue forthwith.

ENTERED this 18th day of May, 2009.

Alexandria, Virginia

_____ /s/ ___

Liam O'Grady
United States District Judge

6