IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSE BASERVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 1:08-cv-997 |
| ) | |
| ROBERT A. REMES, ) | |
| & ) | |
| CARLINER & REMES, P.C. ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL MEMORANDUM OPINION

### I. Background.

This is a legal malpractice action brought by Mr. Jose Baserva, a native of Venezuela who was represented by Defendant Robert A. Remes, of Carliner & Remes, P.C., in connection with immigration matters on two separate occasions, once in 1993 and again in 2005. Mr. Baserva alleges that Defendant Remes failed to file certain immigration motions, which ultimately led to Mr. Baserva being detained for five days in late September 2005 by immigration authorities and suffering damages as a result of that confinement. Mr. Baserva asserted claims for Legal Malpractice, Breach of Contract, Negligence, Gross Negligence, and Fraud under various Virginia statutes and common law, as well as damages claims for emotional distress, shame, humiliation, indignity, punitive damages, and attorney's fees. On May 18, 2009, by memorandum opinion and accompanying order, this Court granted Defendants' motion for partial summary judgment against all claims arising from Mr. Remes' 1993 immigration representation of Mr. Baserva, all claims arising from Mr. Remes' 2005 immigration

representation of Mr. Baserva except for the claims for breach of contract and legal malpractice, and all damages claims for emotional injuries, punitive damages, attorney's fees paid to Mr. Remes for the 2005 representation, and "attorney's fees incurred in bringing this action." Regarding the surviving claims for legal malpractice, the Court ordered further expert discovery on the issue of causation. *See Rutter v. Jones, Blechman, Woltz & Kelly, P.C.*, 568 S.E.2d 693 (2002) (to recover on a claim of legal malpractice, a plaintiff must show (1) the existence of an attorney-client relationship giving rise to a duty; (2) the breach of that duty by the attorney; and (3) damages proximately caused by the breach). Specifically, the Court ordered further discovery on whether Mr. Remes' alleged failure to file a motion with the immigration authorities from June to September 2005 proximately caused Mr. Baserva to be arrested and detained by Immigration and Customs Enforcement (ICE), causing him damages.[1]

---

[1] The Court held that expert testimony was not required on the issues of duty and breach because those issues fell within the common knowledge of the trier of fact. *See Gregory v. Hawkins*, 468 S.E.2d 891, 893 (Va. 1996) (citing *Beverly Enterprises v. Nichols*, 441 S.E.2d 1, 3 (Va. 1994) (expert testimony not required where "the alleged act of negligence clearly lies within the range of the jury's common knowledge and experience")). On causation, however, the Court explained:

> In his initial expert report, Plaintiff's designated expert failed to opine as whether Defendant Remes' failure to file a motion to re-open immigration proceedings in 2005 proximately caused the immigration authorities to detain Plaintiff. Plaintiff argues that expert testimony is not necessary to establish causation in this case, and that his fact witnesses can establish the causation element. Defendant counters that such testimony from fact witnesses would be speculative, and that expert testimony is required to prove that filing a motion would have prevented Plaintiff's detention. Defendant further argues that any such expert testimony is unlikely to establish causation because granting a motion to re-open immigration proceedings is discretionary and, thus, Immigration might not have granted this motion even if Defendant Remes had filed it on Plaintiff's behalf.
> The Court finds that proving causation in this case requires expert testimony.
>
> "Unless a [professional] malpractice case turns upon matters within the common

On June 5, 2009, the Court ordered the parties to file supplemental expert reports, transcripts of supplemental expert depositions, and all related expert discovery materials. The parties have complied with this order. The Court has reviewed these materials and finds the remainder of this case ripe for summary judgment under Federal Rule of Civil Procedure 56.

## II. Discussion.

The supplemental expert reports and deposition testimony of Mr. Baserva's expert Matthew Archambeault fail to create a triable issue of material fact as to causation.[2] *See* Fed. R. Civ. P. 56; *Rutter*, 568 S.E.2d 693. Mr. Baserva's damages theory is that he was improperly detained by ICE and suffered psychic damage and missed days of work as a result. Mr. Baserva contends that Mr. Remes' alleged failure to file a joint motion to reopen immigration proceedings from June to September 2005 proximately caused Mr. Baserva to be arrested and detained by ICE.

At the outset, it should be noted that the decision to arrest Mr. Baserva was at ICE's discretion. After his brief detention at the Tampa airport in January 2005, Mr. Baserva was on

---

knowledge of laymen . . . expert testimony is required to establish . . . that such a deviation [from the standard of care] was the proximate cause of the claimed damages." *Star Broadcasting, Inc. v. Reed Smith Limited Liability Partnership*, 2009 WL 482833, at *8 (E.D. Va. 2009) (quoting *Seaward Int'l. Inc. et al. v. Price Waterhouse*, 391 S.E.2d 283, 287 (Va. 1990)).

[2] Mr. Archambeault devoted his first supplemental expert report to a discussion of Mr. Remes' actions in connection with the earlier 1993 representation. Mr. Archambeault concluded: "[i]t is my legal opinion that the defendant's actions or inactions in 1993 led to his detention at the hands of Immigration and Customs Enforcement for 5 days and delayed the granting of his U.S. citizenship for more than 4 years." This Court already granted summary judgment against all claims arising from the 1993 representation. As such, the Court primarily considered the second and third supplemental expert reports, supplemental expert deposition, and defendant's supplemental expert report in deciding the issue of causation.

3

notice that he had immigration issues to resolve and that he could be arrested at any time. Mr. Archambeault testified at his expert deposition that "when ICE encounters someone that they could rightfully take into detention at any time, and they don't take them into detention . . . they are doing that out of grace. And that is what they did with Mr. Baserva." Archambeault further testified that the decision to take someone into custody is a discretionary decision by ICE. Still, Mr. Baserva took no action until five months later in June 2005, when he retained Mr. Remes. Strictly speaking, Mr. Remes did not "cause" Baserva's arrest. The arrest was ICE's independent decision under its mandate to enforce immigration laws. Mr. Baserva was on notice for five months that he could be subject to arrest, and he did nothing. Thus, his own inaction after the airport detention certainly contributed to his arrest and he cannot shift responsibility for the resulting damages to his attorney hired five months later.[3]

Moreover, even assuming Mr. Remes was negligent in not filing a motion to reopen immigration proceedings, there is no evidence that the Department of Homeland Security (DHS) would have agreed to join in the motion, which was a necessary step for resolving Baserva's immigration status issue. It is undisputed that Mr. Baserva did not qualify to file a regular motion to reopen, and instead was required to seek the approval of a DHS attorney to file a joint

---

[3] Under Virginia law, the contributory negligence of a plaintiff can be a complete bar to recovery. *See Litchford v. Hancock*, 352 S.E.2d 335, 337 (Va. 1987). Whether a plaintiff was contributorily negligent is a matter of law for decision by a court "when reasonable minds could not differ about the conclusion to be drawn from the evidence." *See Litchford*, 352 S.E.2d at 337. The Court is prepared to find as a matter of law that Mr. Baserva was contributorily negligent for failing to contact an attorney until five months after his encounter with ICE at the Tampa airport, and that this negligence proximately caused his arrest and resulting detention in September 2005. However, this finding is not necessary here because Mr. Baserva cannot prove causation for the reasons articulated below. Thus, summary judgment is warranted even without a contributory negligence bar.

motion. Plaintiff's own expert expressed doubt that approval for a joint motion would have been granted. Mr. Archambeault's second supplemental expert report explained that a joint motion to reopen is basically a "humanitarian" appeal to the government, and that the decision of whether to join in a motion is entirely up to DHS counsel. In Archambeault's own words, "asking the government to join in on a Joint Motion to Reopen is really asking them to do you a favor." Further, "[d]ue to the workload of most DHS attorneys and the overwhelming disfavor most DHS attorneys exhibit towards Joint Motion requests, one must present as complete a motion and case as possible." In other words, Mr. Baserva needed the government's help to reopen his immigration case, the government had total discretion as to whether to provide that help, and most DHS attorneys viewed these requests with "overwhelming disfavor." This falls far short of raising a triable issue as to whether Mr. Remes could have obtained the government's agreement to file a joint motion to reopen, without which Baserva had no chance of clearing his immigration record.

Nor is there any evidence that a joint motion to reopen – even if filed – would have prevented ICE from arresting Mr. Baserva in September 2005. There is no evidence in the record that filing a joint motion automatically stays a removal action or somehow suspends ICE's power to make an arrest. In fact, Mr. Baserva's expert admitted at deposition that the possible effect – if any – of filing a joint motion to reopen is completely speculative. He answered affirmatively that "ICE retains the ability to detain and deport the immigrant under an order of deportation in absentia regardless of whether [a] joint motion was submitted." When asked the follow-up question, "So, the possibility is still there that Mr. Baserva would have been detained, regardless of whether the defendants submitted a joint motion," Archambeault admitted that the "possibility

is there." Furthermore, Mr. Baserva has no qualified expert to address whether an immigration judge must actually grant a joint motion in order to stay ICE's hand. Nor is there evidence that the immigration court would have considered and ruled on the motion in time to prevent the September arrest.

Indeed, Mr. Baserva's expert could not even say whether the joint motion filed *after* ICE took Mr. Baserva into custody caused his release. Mr. Archambeault admitted that he did not know why ICE ultimately released Mr. Baserva from custody in late September 2005. Specifically, in his third supplemental report Mr. Archambeault opined that "I cannot say conclusively why ICE released Mr. Baserva from detention," and further opined that "whether it was due to the Joint Motion or [subsequently retained counsel] Mr. Rheinhart's efforts, I cannot say." Likewise, Archambeault has little credibility as to whether a joint motion filed before ICE arrested Baserva would have prevented the arrest. After all, Archambeault is not privy to the inner workings of ICE or its decision-making process, and Baserva has no witness from ICE to testify on the subject.

In sum, there is no basis for a jury to conclude that Mr. Remes' inaction caused ICE to arrest Baserva, no basis to conclude that the government would have agreed to file a joint motion to reopen immigration proceedings, and no basis to conclude that the joint motion would have prevented ICE from arresting Mr. Baserva in September 2005. For these reasons, Mr. Baserva lacks the support necessary to offer an expert opinion that Mr. Remes' failure to file a joint motion to reopen immigration proceedings caused Baserva's arrest with reasonable certainty. There is no triable issue as to causation, and the remaining claims must be dismissed.

### III. Conclusion.

Accordingly, the Court grants summary judgment for Defendants on the remaining claims. This case is hereby DISMISSED. An appropriate order shall issue forthwith.

July 23, 2009

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge